BERTRAM L. MARKS, Appellant, *v.* SAMUEL RUBINTON, Respondent.

Supreme Court, Appellate Term, First Department, July 18, 1932.

*Samuel D. Cohen,* for the appellant.

*Leonard Acker,* for the respondent.

PER CURIAM. The complaint alleges that plaintiff, an attorney, received from a client a release of a mortgage which, without the client's consent, he delivered to defendant, also an attorney, to be held in escrow and not used until a certain sum of money was received. It further pleads the violation by defendant of the escrow agreement, that an innocent purchaser has purchased the property relying on the validity of the release and that by reason thereof plaintiff has become obligated to pay his client the sum claimed as damages.

We think this complaint states a cause of action. It alleges an agreement made by plaintiff in his own name and he thus was acting as a trustee of an express trust and entitled to sue. (Civ. Prac. Act, §§ 210, 211; *Watts* v. *Phillips-Jones Corp.*, 211 App. Div. 523.) Though the principal might ratify the plaintiff's unauthorized act as agent it was under no obligation to do so. To hold that under the circumstances defendant was not liable to plaintiff would permit defendant to violate his agreement without liability. That plaintiff was damaged is sufficiently alleged and it is unnecessary to determine at this time what the measure of his damage is.

Judgment and order reversed, with ten dollars costs, and motion denied, with leave to defendant to answer within five days after service of order entered hereon and upon payment of said costs.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.